DISTRICT COURT OF GUAM
TERRITORY OF GUAM

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-00024 | Date | January 10, 2019 |

Title: *United States, for the use and benefit of Porges Electrical Group v. Travelers Casualty and Surety Company of America et al.*

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| VIRGINIA T. KILGORE | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:    Attorneys Present for Defendant:

NONE PRESENT    NONE PRESENT

**Proceedings:**   **IN CHAMBERS- ORDER GRANTING PLAINTIFF'S MOTION TO DEEM EXHIBITS SELF-AUTHENTICATING, DENYING PLAINTIFF'S MOTION TO ADMIT AFFIDAVIT INTO EVIDENCE, AND DENYING DEFENDANTS' REQUEST FOR SUPPLEMENTAL BRIEFING**

The matter before the Court is Plaintiff's oral motion (a) to deem as self-authenticating Defendants' Exhibit DR and Plaintiff's Exhibits 278, 279, 280, 281, 282, 283, 284, 288, 220, 221, 222, 564, 580.2-580.4, 582, 616, 617, 622, 630, 519, 520, 521, 548, 549, 546, 509, and 510; and (b) to admit the affidavit of Heather Strikwerda into evidence, contingent upon the admission by Defendants of the deposition testimony of Heather Strikwerda. For the reasons below, the Court finds that the exhibits are self-authenticating as records of payables, receivables, receipts, and payments received by Plaintiff's accounting director, Heather Strikwerda. However, the Court denies Plaintiff's motion to admit the affidavit into evidence.

Plaintiff relies on Fed. R. Evid. 902(11) to establish the exhibits as self-authenticating, which applies to records that "meet[] the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian…." In turn, Rule 803(6) requires that "(A) the record was made at or near the time [of the act, event, condition, opinion, or diagnosis recorded] by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and] (C) making the record was a regular practice of that activity."

The exhibits Plaintiff seeks to establish as self-authenticating include reports generated from various electronic accounting records prepared by Plaintiff's former accounting director, Heather Strikwerda. Strikwerda is the custodian and creator of these records. The records include four broad categories of data: payables, receivables, receipts, and payments. Payables include invoices, bills,

subcontractor payment applications, and payroll records. Receivables include applications by Plaintiff for payment. Receipts include payments made to Plaintiff. Payments include payments made by Plaintiff.

In support of the motion, Plaintiff submits the affidavit of Strikwerda, the custodian of the records. In her affidavit, Strikwerda certifies that "[t]he records … were made at, or near, the time of occurrence of the matters set forth by … a person with knowledge of those matters." (Dkt. No. 149 (Strikwerda Aff.) ¶ 6.) Strikwerda further certifies that (a) she has personal knowledge of what project folders payables were assigned to because she receives the payables in those project folders (*id.* at ¶¶ 13, 14); (b) she has personal knowledge of the content of payables because she personally receives those payables before recording them (*id.*); she has personal knowledge of the projects associated with receivables and with the content of those receivables because she prepares the receivables for those projects (*id.* at ¶ 18).

Defendants object that Strikwerda's sole responsibility was "to get receipts or payroll information from Mr. Porges or the job foremen and enter it into the software" and that she "did not verify any of the information given to her prior to entering it." (Dkt. No. 166 at 9.) Defendants further point out that Strikwerda "did not know what Plaintiff's field overhead costs were and was relying solely on what others told her in preparing the reports, identifying the costs contained therein, and authenticating them for the jury." (Dkt. No. 194 at 2.) Defendants also object that Strikwerda did not record payable or payment information at or near the time Plaintiff purportedly incurred the costs represented by the payables or payments, and instead "she would enter the information as it was provided to her from company employees or otherwise." (Dkt. No. 116 at 15-16.) However, such objections do not speak to whether the exhibits are self-authenticating as records of the payables and payments received by Strikwerda. They speak instead to whether those payables and payments accurately reflect Plaintiff's expenses.[1]

Any arguments regarding the accuracy of the payables and payments themselves ultimately speak to the weight those payables and payments should be given as evidence of Plaintiff's damages, not to whether Plaintiff's proffered exhibits are admissible as records of the payables, receivables, payments, and receipts themselves. Accordingly, Defendants' objections are overruled and the Court finds the following documents to be self-authenticating as records of payables, receivables, receipts, and payments received by Plaintiff's former accounting director:[2] Defendants' Exhibit DR and Plaintiff's Exhibits 278, 279, 280, 281, 282, 283, 284, 288, 220, 221, 222, 564, 580.2-580.4, 582, 616, 617, 622, 630, 519, 520, 521, 548, 549, 546, 509, and 510.

Plaintiff also moves to admit Strikwerda's affidavit into evidence. This motion is denied. The affidavit constitutes hearsay and Plaintiff has not demonstrated that any exception to the hearsay rule applies.

**IT IS SO ORDERED.**

---

[1] For the same reason, Defendants' request to file supplemental briefing (Dkt. No. 206) is denied. The matters Defendants seek to address in their supplemental briefing relate to whether the information provided to Strikwerda accurately reflects Plaintiff's costs and income, not whether the records themselves accurately reflect the information provided to Strikwerda. The Court finds the exhibits to be self-authenticating as records of the information provided to Strikwerda, thus rendering such arguments irrelevant.

[2] To the extent Plaintiff wishes to introduce the exhibits, not as records of the payables, receivables, receipts, and payments received by Strikwerda, but as records of Plaintiff's actual income and expenses, Plaintiff "must produce evidence sufficient to support a finding" that the payables, receivables, receipts, and payments provided to Strikewerda accurately reflect Plaintiff's income and expenses. Fed. R. Evid. 901(a). Such evidence need not necessarily address each individual payable, receivable, receipt, and payment, but may instead address Plaintiff's general practices in providing such documents to Strikwerda. Defendants remain free to argue to the jury that such evidence is not credible.