UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of PORGES ELECTRICAL GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and PATRICIA I. ROMERO, INC., doing business as PACIFIC WEST BUILDERS,<br><br>Defendants. | Case No.: CV 15-00024<br><br>**ORDER RE: REMITTITUR** |

## I. BACKGROUND

Pacific West Builders ("PWB") entered into two prime contracts with the Government, one to construct a Working Dog facility at the Apra Harbor Naval Base in Guam ("Military Working Dog Project" or "MWD Project") and one to construct the Red Horse Cantonment Operation Facility at Anderson Air Force Base ("Red Horse Project"). PWB subsequently entered into a written subcontract with Porges Electrical Group, Inc. ("Porges" or "PEG") with respect to certain electrical work to be performed on the two projects. The projects experienced various delays. PEG contends it was required to do extra work beyond the scope

1

of the contract and PWB failed to pay the balance due under the subcontracts. PEG brought suit against PWB asserting claims for breach of contract, reasonable value/quantum meruit, and recovery under the Miller Act. PWB contends it suffered damages as a result of PEG's failure to fulfill all of its contractual obligations, and asserts backcharges against PEG as a result. The jury found in favor of PEG on all of its claims, but also found for PWB on its claim for backcharges.

Following trial, PWB filed a Motion for Judgment as a Matter of Law and Motion for a New Trial. On April 13, 2021, the Court granted PWB's Motion for Judgment as a Matter of Law on PEG's reasonable value claim and conditionally ordered a new trial should the judgment be vacated or reversed on appeal, and denied the motion for judgment as a matter of law as to all other claims. (Dkt. No. 288 (the "Order").) The Court granted PWB's Motion for a New Trial on damages only as to three categories: Field Office Overhead, Extra Work, and Fire Alarm Redesign. (*Id.*)

The parties subsequently filed status reports (Dkt. Nos. 298, 300) and briefs (Dkt. Nos. 301, 302, 303) and appeared before the Court on May 19, 2021 and June 29, 2021, to address various matters including a proposed remittitur by PEG.

## II. DISCUSSION

A remittitur must reflect "the maximum amount sustainable by the proof." *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1094 (9th Cir. 2014) (citation omitted). PEG proposes a remittitur in lieu of a new trial on damages as follows:

1. Eliminate the award regarding the Fire Alarm REAs entirely.
2. Recalculate the disputed items of extra work awarded, by omitting all labor costs and adding mark-ups for only home office overhead and Guam gross receipts tax (and not adding a

2

field overhead mark-up).*

| Working Dog | | | |
|---|---|---|---|
| Extra Work Item | Trial Exhibit | Requested/Awarded | Proposed Remittitur Amount |
| T&M # 3 | 269 | $3,915.74 | $1,372.65 |
| T&M # 4 | 270 | $1,266.52 | $322.48 |
| T&M # 5 | 271 | $1,082.57 | $0.00 |
| T&M # 10 | 272 | $2,991.33 | $492.26 |
| T&M # 11 | 189.1 | $11,271.74 | $1,897.66 |
| Soils REA | 241.10 and 241.12 | $20,275.00 | $9,532.07 |
| Subtotal: | | $40,802.90 | $13,617.12 |

| Red Horse | | | |
|---|---|---|---|
| Extra Work Item | Trial Exhibit | Requested/Awarded | Proposed Remittitur Amount |
| COR # 3 | 590.1 | $1,230.89 | $361.45 |
| COR # 7 | 591 | $3,078.90 | $2,087.83 |
| COR # 9 | 525 | $4,800.00 | $4,560.00 |
| COR # 10 | 593.1 and 593.2 | $25,676.81 | $14,853.39 |
| T&M # 5 | 602 | $2,675.47 | $531.82 |
| T&M # 6 | 604 | $466.83 | $223.66 |
| T&M # 7 | 606 | $1,850.04 | $0.00 |
| T&M # 8 | 608 | $803.81 | $176.38 |
| T&M # 9 | 610 | $1,230.94 | $0.00 |
| Subtotal: | | $41,813.69 | $22,794.53 |

*The trial exhibits in the table above were identified by PEG as evidence supporting the remittitur.

    3.    Apply a further reduction to the total award equal to 5-percent of the agreed contract change orders (to eliminate any duplication of field overhead costs between them and the field overhead delay damages).

| Contract | Contract Increase | 5% of Contract Increase | Unpaid Subcontract Balance After Adjustment |
|---|---|---|---|
| Working Dog | $18,630.10 | ($931.51) | $1,468.49 |
| Red Horse | $62,878.30 | ($3,143.92) | $146,007.69 |

(Dkt. No. 301.)

Based on the above, the total proposed amount to be remitted by PEG for both projects is $94,486.73.

The final accounting for each project based on PEG's proposed remittitur is

3

set forth below:

| Working Dog (Breach of Contract Judgment Against PWB) | |
|---|---:|
| Unpaid Contract Balance After Remittitur | $1,468.49 |
| Disputed Extras After Remittitur | $13,617.12 |
| Field Overhead for Delay | $107,997.21 |
| Home Office Overhead for Delay | $86,768.00 |
| Set-Off for Backcharges (unadjusted) | ($31,041.09) |
| Working Dog Judgment After Remittitur | $178,809.73 |

| Working Dog (Miller Act Judgment Against Travelers) | |
|---|---:|
| Unpaid Contract Balance After Remittitur | $1,468.49 |
| Disputed Extras After Remittitur | $13,617.12 |
| Field Overhead for Delay | $26,999.30 |
| Home Office Overhead for Delay | $21,692.00 |
| Working Dog Judgment After Remittitur | $63,776.90 |

| Red Horse (Breach of Contract Judgment Against PWB) | |
|---|---:|
| Unpaid Contract Balance After Remittitur | $146,007.69 |
| Disputed Extras After Remittitur | $22,794.53 |
| Field Overhead for Delay | $93,837.08 |
| Home Office Overhead for Delay | $114,303.72 |
| Set-Off for Backcharges (unadjusted) | ($35,536.03) |
| Red Horse Judgment After Remittitur | $341,406.97 |

| Red Horse (Miller Act Judgment Against Travelers) | |
|---|---:|
| Unpaid Contract Balance After Remittitur | $146,007.69 |
| Disputed Extras After Remittitur | $22,794.53 |
| Field Overhead for Delay | $23,459.27 |
| Home Office Overhead for Delay | $28,575.93 |
| Red Horse Judgment After Remittitur | $220,837.43 |

Thus, based on PEG's proposed remittitur, PEG contends an amended judgment should be entered in the amount of $520,216.70 against PWB (in comparison to the jury's award of $614,703.43), and $284,614.33 against Travelers Casualty and Surety Company of America (in comparison to the jury's award of $379,101.04).[1]

The Court finds PEG's proposed remittitur is "sustainable by the proof" based on the trial record. *Oracle Corp.*, 765 F.3d at 1094.

---

[1] PEG filed a proposed amended judgment. (Dkt. No. 301-3.) Defendants represented to the Court during the June 29, 2021 hearing that PEG's proposed amended judgment accurately reflects Plaintiff's requested remittitur.

4

### III. CONCLUSION

Accordingly, the Court grants PEG's request for a proposed remittitur in the amount of $94,486.73 in lieu of a new trial on damages. An amended judgment shall be entered consistent herewith.

PEG's request for clarification or reconsideration of the order granting in part Defendant's motion for a new trial (Dkt. No. 301) is denied as moot.

PWB's request for the Court to admit excerpts of the Prime Contract into evidence which it contends it would have submitted as evidence during a new trial on damages (*see* Dkt. No. 302) is denied.

**IT IS SO ORDERED.**

DATED: July 28, 2021.

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE